Walter S. Cole, Admr., *vs.* Charles Warren Lippitt *et al.*

| 23 | 541 |
| s25 | 104 |

PROVIDENCE—JANUARY 29, 1902.

Present: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Negligence. Pleading. Special Pleas and General Issue. Joinder.*

A declaration jointly charged the owner, architect, and builder of a house with negligence in that they procured defective plans; that they invited the deceased and other workmen to enter said house, and the deceased assisted the defendants in the erection of said house; that the defendants did not exercise due care in making plans; that they were negligent in constructing the house on defective plans; that the house was negligently constructed by the defendants according to such plans; that the deceased was employed by the builder, and, pursuant to such employment and the invitation of the defendants, entered the building, where the tower fell upon him. The owner and architect pleaded the general issue and a special plea, setting forth that the defendants were the owner of the house, the architect, and an independent contractor, and were not jointly liable :—

*Held,* on demurrer, that the special plea was bad, since the plaintiff alleged and must prove a joint invitation, express or implied. An express invitation was not touched by the plea, and the rebuttal of an implied invitation could be shown under the general issue by showing the independent relations as well as by a special plea.

Trespass on the Case for negligence. Heard on demurrer to plea, and demurrer sustained.

(1)　Stiness, C. J. The amended second count of the declaration charges all the defendants with negligence, setting forth that all were engaged in the erection of a house; that they procured defective plans; that they invited the deceased and other workmen to enter said building, and the deceased, as such workman, assisted the defendants in the erection of said house; that the defendants did not exercise due care in making plans; that they were negligent in constructing the house upon defective plans; that the house was negligently constructed by the defendants according to such plans; that the deceased was employed by the defendants, Maguire and Penniman, and, pursuant to such employment and the invitation

of the defendants, he entered the building, where the tower fell upon him.

The defendants, Lippitt and Robertson, have pleaded the general issue, and also, specially, that Maguire and Penniman were independent contractors ; that Lippitt was the owner of the house, and that Robertson was his agent to supervise its construction, wherefore the defendants are not jointly liable.

The case is before us on a demurrer to this special plea.

The declaration charges a joint invitation. Such an invitation must be proved in order to recover against the defendants jointly. This is the question raised by the general issue. The count is based upon the invitation and cannot stand without it, because no other duty to the deceased than the duty arising from invitation is alleged. The fact that is set up in the special plea is admissible under the general issue and adds nothing to it. The defendants argue that it is good as a plea of confession and avoidance. This cannot be so. Although Maguire and Penniman, as independent contractors, would presumably have charge of the building, the others may have given an express invitation to the deceased to enter, with an assurance of safety. The count alleges a joint invitation, which may be shown either by joinder in an express invitation, independent of contractual relations, or by an implied invitation from a common undertaking.

The scope of the plea is simply to rebut an implied invitation, by setting up independent relations.

If, however, the express invitation is admitted, because not denied, then the denial of an implied invitation is no answer and the plea is bad. If, on the other hand, an express invitation is to be taken as denied, because not admitted, then it is not a plea of confession and avoidance.

The plaintiff alleges, and therefore must prove, a joint invitation, express or implied. An express invitation is not touched by the plea, and the rebuttal of an implied invitation can be shown under the general issue by showing the independent relations as well as by a special plea.

We are therefore of opinion that the demurrer to the plea should be sustained.

*Irving Champlin*, for plaintiff.

*Edwards & Angell, Arnold Green*, and *Walter B. Vincent*, for defendants.